NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0460
    Facsimile: (213) 894-7819
    E-mail: Alarice.Medrano@usdoj.gov

Attorneys for Defendant United States
Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GRAYSON FLORY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | No. CV 19-09735 PSG (MRW)<br><br>JOINT STIPULATION TO STAY THIS ACTION; AND DECLARATION OF ALARICE M. MEDRANO<br><br>Hon. Philip S. Gutierrez<br>United States District Judge |

IT IS HEREBY STIPULATED by and between Plaintiff, Grayson Flory, and Defendant, United States Department of Homeland Security, through their counsel, subject to the court's approval, that this action be stayed, up to and including April 15, 2021, for the reasons set forth herein.

In this action under the Freedom of Information Act (FOIA), 5 U.S.C. §552, *et seq.*, Plaintiff seeks access to Department of Homeland Security (DHS) and/or Customs and Border Protection (CBP) records concerning a humanitarian organization, No More Deaths, also known as No Más Muertes, between November 2016 and January 2019.

1

Specifically, on April 22, 2019, Plaintiff submitted a FOIA request seeking "records of correspondence between CBP and/or DHS and other state, federal, and local agencies, including but not limited to the Bureau of Land Management (BLM), the Federal Bureau of Investigation (FBI), the US Fish and Wildlife Service (FWS), the Santa Cruz County Sheriff's Office, and the Pima County Sheriff's Department." Plaintiff's request also sought copies of the following documents:

- Requests for authority to make confidential expenditures.
- Reports of informants, anonymous informants, non-confidential informants, confidential informants, and/or controlled informants.
- Requests for mail covers, with records of the action ordered thereon and all reports issued pursuant thereto.
- Requests for extension of mail covers, with records of the action ordered.
- Photostatic copies of the faces of envelopes or other photographs of mail matter.
- Requests for "criminal record" from any federal, state, and/or local law enforcement agency.
- Incident reports.
- Incident summaries.
- Electronic Communications.
- Requests for surveillance.
- Surveillance logs.
- Photographs taken during the course of any physical surveillance.
- Requests for electronic surveillance.
- Electronic surveillance logs.
- Electronic surveillance transcripts.
- Summaries of electronic surveillance.

See ECF 1-1; see also attached Declaration of Alarice M. Medrano ("Medrano Decl."), ¶ 2.

\\\

On May 20, 2019, CBP sent Plaintiff a notice stating his FOIA request was closed, and identifying various deficiencies in the request. *Id.*, ¶ 3. However, on May 22, 2019, CBP's FOIA Division determined that Plaintiff's FOIA request was improperly closed, and re-opened the request. CBP failed to notify Plaintiff that the request was re-opened. *Id.*, ¶ 4.

On July 2, 2019, CBP's FOIA Division sent Plaintiff an email informing him that the agency was working on a response to his FOIA request, and that they were also in the process of having files related to No Mas Muertes uploaded to the DHS Reading Room where they would be publicly available. *Id.*, ¶ 5.

On November 13, 2019, Plaintiff filed the instant district court action, alleging that Defendant failed to respond to his FOIA request, and seeking an order directing Defendant to produce responsive records. *See* Complaint (ECF 1), at 5.

Although Defendant has not yet released documents to the Plaintiff, it has identified approximately 500,000 pages of emails that are potentially responsive to Plaintiff's FOIA request. Medrano Decl., ¶¶ 7, 9. As the search is not yet complete, Defendant anticipates that additional documents may be identified in the next few months. *Id.*, ¶ 9. The FOIA staff has begun processing the 500,000 pages of records compiled so far, and can process at a rate of approximately 500 pages per month. *Id.*, ¶ 10. Any segregable, non-exempt portion of those documents will be released to Plaintiff, in whole or in part, subject to any applicable FOIA exemptions. 5 U.S.C. §552(b). *Id.* Defendant anticipates making its initial response to Plaintiff, including production of any segregable, non-exempt pages, by April 15, 2020. *Id.* Thereafter, Defendant will make monthly responses by the 15th of each month. At this time, Defendant cannot accurately estimate how long it will take to complete its release of records. *Id.*

Defendant proposes a stay of this action in order to allow DHS to begin responding to Plaintiff's FOIA request on a rolling basis, and to allow time for the parties to continue to meet and confer regarding the scope of the FOIA request and the records

1  at issue. *Id.*, ¶ 11. This may allow the parties to narrow the search terms, better identify the scope of the documents sought by Plaintiff and possibly speed up the processing of the documents. *Id.*

    Accordingly, the parties hereby stipulate to stay this action until April 15, 2021, to allow time: (1) for DHS to begin responding to Plaintiff's FOIA request on a rolling basis; and (2) for the parties to meet and confer regarding the FOIA response and issues regarding the scope of the search for records and/or any withholdings of information. Thereafter, the parties will be better able to estimate the time it will take to complete the production and determine whether any issues remain to be resolved by further litigation.

    IT IS FURTHER STIPULATED that on or before March 15, 2021, the parties will provide the Court a Status Report regarding the FOIA response and estimated completion date, and if necessary, a stipulation regarding the remaining issues to be litigated, along with a proposed briefing schedule for summary judgment. The parties agree that once the release is complete, should Plaintiff challenge either the search for records or any withholding, this FOIA case should be resolved on motions for summary judgment. *See Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016) (en banc); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008).

    WHEREFORE, the parties respectfully submit this Stipulation to the Court for its approval.

Dated: March 5, 2020         LAW OFFICE OF MATTHEW STRUGAR

                             */s/ Matthew Strugar*
                             _____
                             MATTHEW STRUGAR
                             Attorney for Plaintiff
                             Grayson Flory

4

Dated: March 5, 2020

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

/s/ Alarice M. Medrano

———————————————————
ALARICE M. MEDRANO
Assistant United States Attorney

Attorneys for Defendant United States Department of Homeland Security

## ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Alarice M. Medrano, am the ECF User whose ID and password are being used to file this JOINT STIPULATION TO STAY THIS ACTION; AND DECLARATION OF ALARICE M. MEDRANO. In compliance with Local Rules 5-4.3.4(a)(2), I hereby attest that Plaintiff's counsel, Matthew Strugar, has concurred in this filing.

DATED: March 5, 2020

/s/ Alarice M. Medrano

———————————————
ALARICE M. MEDRANO
Assistant United States Attorney

## DECLARATION OF ALARICE M. MEDRANO

I, ALARICE M. MEDRANO, do hereby declare and state as follows:

1. I am the Assistant United States Attorney responsible for representing Defendant, United States Department of Homeland Security ("DHS") in this action. I make this declaration based upon my personal knowledge and that gained by review of the official files and records of the United States Attorney's Office. If called as a witness and placed under oath, I could and would testify competently thereto.

2. On April 22, 2019, Plaintiff submitted a FOIA request seeking the disclosure of DHS and/or CBP records concerning No More Deaths, also known as No Más Muertes, between November 2016 and January 2019. Specifically, Plaintiff sought "records of correspondence between CBP and/or DHS and other state, federal, and local agencies, including but not limited to the Bureau of Land Management (BLM), the Federal Bureau of Investigation (FBI), the US Fish and Wildlife Service (FWS), the Santa Cruz County Sheriff's Office, and the Pima County Sheriff's Department." Plaintiff also listed 16 separate categories of documents that he was requesting and provided numerous search terms including: "No More Deaths," "No Más Muertes," "NMD," "Samaritans," "Byrd Camp," "the Barn," "stash house," "No More Deaths camp," "humanitarian aid," "humanitarian aid workers," "Unitarian Universalist Church of Tucson," "UUCT," "desert aid," "Desert Aid Working Group," and "DAWG." A copy of the request is attached to the Complaint (ECF 1-1).

3. On May 20, 2019, CBP sent Plaintiff a notice informing him that his FOIA request was closed, and identifying various deficiencies in the request.

4. On May 22, 2019, a Government Information Specialist in CBP's FOIA Division noticed that the closure of Plaintiff's FOIA request was improper and re-opened the request. However, CBP failed to notify Plaintiff that the request was re-opened.

5. On July 2, 2019, CBP's FOIA Division sent Plaintiff the following messages through the FOIA online application:

> We are currently working on your request (we are pending search results for emails). We also wanted to let you know that we are in the process of having files related to No Mas Muertes uploaded to the Department of Homeland Security Reading Room where they will be made public. This will be an ongoing project. As soon as the first records are uploaded, we will notify you and provide a link to the site.

6. On November 13, 2019, Plaintiff filed the instant district court action, alleging that Defendant failed to respond to his FOIA request. This case was assigned to me in December 2019. I immediately contacted counsel for the DHS to determine the status of Defendant's response to Plaintiff's FOIA request.

7. On January 23, 2020, DHS counsel informed me that Defendant had identified approximately 500,000 pages of emails possibly responsive to Plaintiff's FOIA request. However, the FOIA staff needed additional time to complete the initial administrative processing of the documents. DHS counsel provided additional information on January 31, 2020, that based on the number of documents identified, DHS anticipates that a rolling release of documents will be necessary.

8. Accordingly, on February 4, 2020, I contacted Plaintiff's counsel Matthew Strugar, to discuss the status of the FOIA response, and conveyed the above information. We stipulated to a continuance of the deadline to respond to the Complaint, to allow us time to work on the current stipulation for a stay and rolling release of records. (ECF 15, 16.)

9. To date, the DHS FOIA Division has completed an email search using only the terms "No More Deaths" and "No Mas Muertes," which resulted in the 500,000 pages of emails identified above. However, Defendant has not yet run a search using the several other search terms provided by Plaintiff. Therefore, the number of potentially responsive documents could increase significantly.

10. The DHS FOIA staff has begun processing these documents, but needs additional time to review the emails that it has compiled for responsiveness and

application of any FOIA exemptions, and to prepare an initial release to Plaintiff. Defendant will commit to process the documents at a rate of approximately 500 pages per month. Any segregable, non-exempt portion of those documents will be released to Plaintiff, in whole or in part, subject to any applicable FOIA exemptions. 5 U.S.C. §552(b). Defendant has not yet released documents to the Plaintiff, but anticipates making its initial response to Plaintiff, including production of any segregable, non-exempt pages, by April 15, 2020. Thereafter, DHS will make supplemental monthly responses/productions by the 15th of each month. At this time, Defendant cannot accurately estimate how long it will take to complete its release of records.

11. I will continue to meet and confer with Plaintiff's counsel to try to narrow search terms and refine additional searches, better identify the scope of the documents sought by Plaintiff, and possibly speed up the processing of the documents. The monthly supplemental responses/releases will provide regular updates to the Plaintiff on Defendant's progress. In addition, the parties will provide a status report to the Court in accordance with this Stipulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 5, 2020, at Los Angeles, California.

*/s/ Alarice M. Medrano*
ALARICE M. MEDRANO